FINEMAN, Plaintiff, v. CENTRAL NATIONAL BANK OF CLEVELAND, Executor et, Defendants.

Probate Court, Cuyahoga County.

No. 574741.   Decided October 14, 1959.

Ellis V. Rippner, Lester J. Farber, Cleveland, for plaintiff.
Charles Cohen, for defendants.

## OPINION

By MERRICK, J.

This is an action for declaratory judgment, asking construction of certain language contained in the will of the testator and the distribution of the fund involved.

The will contains the following language:

* * * "Termination.   As such time as my son, Roland H. Fineman, shall be divorced from his present wife, Ray Fineman, or at such time as his present wife, Ray Fineman, shall be deceased, this trust shall terminate and the Trustee shall distribute the entire then existing trust estate, including any undistributed income, as follows:

"Five Thousand Dollars ($5000) thereof to my niece, Ruth Fineman, if she is then living;

"The balance thereof, or said existing trust estate, if said Ruth Fineman is not then living, to my said son, Roland H. Fineman."

It has been stipulated that there was no divorce action pending between the testator's son and his wife at the time of the making of this will, or at any time thereafter. The estate is substantial and the amount which might pass into the trust might exceed one hundred thousand dollars.

Any effort to interpret or construe the language of this will would necessarily lead to the conclusion that a divorce of the son from his wife would cause a vesting of a large sum of money in and for the taking by the son.

It has long been the established law in the State of Ohio, that a condition in a will by which an inducement is offered to a married person to obtain a divorce, or to live separate and apart from the other spouse, is contrary to public policy, and held to be invalid. Page on Wills, Lifetime Edition, Volume 3, page 812.

The leading case in Ohio on this question is Moores v. Gwynne, 15 O. C. C. (N. S.) 31. This is from the then Circuit Court of Jefferson County and was decided in the year 1911 and the doctrine laid down therein remains unreversed to this date. It has been followed and cited on numerous occasions. A careful reading of this case discloses a situation identical to the one in the instant case. It provided for the termination of a trust and the payment over of the corpus upon the legal separation or divorce of the cestui que trust. The court held the provision in the will to be void.

Whether such provision in a will is void is to be determined by the circumstances existing at the time of its execution. The primary reason such a clause is void is that it is against public policy, because it places a reward, benefit or price upon divorce or domestic separation. Under some circumstances the surrounding facts might very well warrant a testator in placing such a contingency in his will. By carefully wording the language, it could be made apparent that the testator was making some provision or establishing some safeguard in the bequest or devise in the event of divorce. Certainly a man could provide that a certain allowance should be increased or a payment accelerated in the event that a daughter should be divorced and lose some means of support; or in the event a pending divorce case resulted in a final disposition that might be a handicap to the future support or well being of the devisee. The test seems to be whether the provision in the will provides a premium or reward in the event of divorce. If it appears from the whole will that it was the purpose of the testator to provide some support or maintenance for one who might suffer economically from the divorce, then no divorce has been encouraged and the clause would be valid. 40 CYC 1703.

A case in point is found in the citation of Pickering v. Cleveland Trust Co., etc., 3 Abs 243. This is in the local Court of Appeals district and must be considered as precedent by this Court. The first syllabus reads as follows:

"When a legacy is in restraint of marriage, or is an inducement to procure legal separation, it is void as against public policy."

In the aforementioned case, the court distinguishes between clauses rewarding separation and divorce and those affording protection and sustenance in the event of such an eventuality.

The plain language of the will in the instant case places a premium upon the marital separation. There being no language which could in any way change or modify this interpretation, the judgment of this Court is that the clause in question is void as against public policy.

Resolving these conclusions, it is the finding of this Court that the provision for termination upon divorce is void. Therefore the income and principal payments shall be made as otherwise provided in the testamentary trust and the remainder vests in Roland H. Fineman, subject to the life interest of Lillian Fineman.

Counsel for the Executor may prepare a journal entry according to this opinion.